UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAUL MENDEZ,<br><br>   *Plaintiff*,<br><br> v.<br><br>FRANK BISIGNANO,[1]<br><br>   *Defendant*. | No. 23-cv-04083 (MEF)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts of the case.

\* \* \*

The Defendant, the Commissioner of Social Security, denied the Plaintiff's application for disability benefits. See Complaint ¶ 12 (ECF 1) (citing Exhibit A).

The Plaintiff challenges that decision. He moves for it to be reversed or remanded.[2] See Brief in Support of Plaintiff's Motion ("Plaintiff's Brief") (ECF 5) at 1.

The Plaintiff argues that the Commissioner's decision is not supported by substantial evidence. See id. at 1; Complaint ¶ 13.

This argument is persuasive.

---

[1] The Plaintiff's complaint originally named as defendant a Social Security Commissioner who has since left office. The Court automatically substitutes in the current occupant of that post. See Fed. R. Civ. P. 25(d).

[2] The Court has jurisdiction. See 42 U.S.C. §§ 405(g), 1383(c)(3).

Therefore, the Court grants the Plaintiff's motion and remands the Commissioner's decision.

\* \* \*

The Commissioner's factual findings are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g); see generally Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith, 637 F.2d at 970.

If the Commissioner's decision is not supported by substantial evidence, the Court may remand or reverse.[3] See id.

\* \* \*

The Plaintiff argues that the Commissioner went astray because he improperly discounted a doctor's opinion. See Plaintiff's Brief at 13-14.

The doctor had found that there were serious limits --- "marked" ones --- on the Plaintiff's ability to concentrate. See Administrative Transcript ("Transcript") at 17-18.

But the Commissioner pulled the doctor's finding down one notch, from marked limits to moderate limits. See id. at 18; 20 C.F.R. § 404.1520a(c)(4) (listing the various degrees of limitations).

This was an error, the Plaintiff contends, and it led the Commissioner to wrongly conclude that the Plaintiff could do certain jobs --- and that conclusion, in turn, barred the Plaintiff from disability benefits. See Plaintiff's Brief at 16.

Precisely how did the Commissioner come to wrongly discount the doctor's opinion?

The Plaintiff offers a number of answers. The Court takes up two here.[4]

---

[3] "May" and not "shall" because a court can affirm if an error is harmless. See generally Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).

[4] Because the Court remands this case on these grounds, it does not address the Plaintiff's other arguments. See Charran v. Saul, 509 F. Supp. 3d 80, 87 n.3 (D.N.J. 2020); Freeman v.

\* \* \*

<u>First</u>, the Commissioner wrote that the Plaintiff's doctor had opined that his "symptoms would not cause him to be absent [from work] on a regular basis."  Transcript at 18.

The Plaintiff's response: the doctor did not say that.  <u>See</u> Plaintiff's Brief at 17 (citing Transcript at 532).

The Plaintiff has it right.  The doctor did not speak to this issue one way or the other.  <u>See</u> Transcript at 532.  And the Commissioner now appears to agree.  <u>See</u> Defendant's Brief (ECF 11) at 12.

In a nutshell, the Commissioner's decision was based on mischaracterized evidence.

And a decision that meaningfully rests on such evidence is not a decision based on substantial evidence.  <u>See</u> <u>Hernandez-Martinez v. Att'y Gen. of U.S.</u>, 2023 WL 8613599, at *3 (3d Cir. Dec. 13, 2023); <u>Gary S.</u> v. <u>O'Malley</u>, 2024 WL 35245, at *8 (D.N.J. Jan. 3, 2024).

\* \* \*

<u>Second</u>, the Commissioner discounted the doctor's opinion because the doctor had found that the Plaintiff was "stable" while on his prescribed medications.  Transcript at 17.

But the Third Circuit has held a doctor's "observations that [a claimant] is stable and well controlled with medication during treatment does not support the medical conclusion that [the claimant] can return to work."  <u>Morales</u> v. <u>Apfel</u>, 225 F.3d 310, 319 (3d Cir. 2000) (cleaned up); <u>see also</u> <u>Brownawell</u> v. <u>Comm'r of Soc. Sec.</u>, 554 F.3d 352, 355–57 (3d Cir. 2008); <u>Nazario</u> v. <u>Comm'r Soc. Sec.</u>, 794 F. App'x 204, 211 (3d Cir. 2019).

In <u>Nazario</u>, for example, the Commissioner concluded that the claimant did not suffer from a disability and twice cited a doctor's comments that she was "stable" while under treatment.  <u>See</u> 794 F. App'x at 211.  The Third Circuit held that the Commissioner's "reliance on [the doctor]'s treatment note that

---

<u>Berryhill</u>, 2019 WL 2540650, at *8 n.6 (M.D. Pa. June 20, 2019); <u>Bonk</u> v. <u>Berryhill</u>, 2019 WL 3764631, at *2 n.1 (M.D. Pa. May 24, 2019).

3

Nazario was 'stable' . . . does not satisfy the substantial evidence standard." Id.

The Commissioner seeks to distinguish Nazario. He argues that the Plaintiff here is not "stable" in a generic or abstract sense --- but in a way that relates to his ability to work. See Defendant's Brief at 11.

But this argument is not persuasive.

Nazario held that stability evidence should not be relied on even when it apparently related to the claimant's "energy level," something that plainly impacts a person's ability to work. See 794 F. App'x at 211 & n.5.

And per Nazario, Morales, and Brownawell, the fact that a non-employed person is stable when medicated is not very telling --- because, it is said, the same person may struggle (and become unstable) under workplace pressures. See Nazario, 794 F. App'x at 211 & n.5; Morales, 225 F.3d at 319; Brownawell, 554 F.3d at 355-57.

Here, the Commissioner noted five times that the Plaintiff was stable when he was medicated. See Transcript at 16-17. And he cited treatment notes from a time when the Plaintiff had been out of work --- and therefore was not dealing with "the stresses that accompany the work setting." Morales, 225 F.3d at 319; see Transcript at 16-17 (citing Transcript at 345, 347), 81.

There can be little doubt that the Commissioner leaned heavily on evidence of the Plaintiff's stability, diagnosed at a far remove from the press of any workplace strains.[5]

And there can be little doubt, too, that under Third Circuit law that was not allowed. See Morales, 225 F.3d at 319; Brownawell, 554 F.3d at 355-57; Nazario, 794 F. App'x at 211.

*   *   *

---

[5] The Commissioner does not argue that any error was harmless. See, e.g., Wiser v. Comm'r of Soc. Sec., 627 F. App'x 523, 526 (6th Cir. 2015) (noting Commissioner took the same stance); De La Cruz v. Saul, 2020 WL 6710210, at *11 (M.D. Pa. Nov. 16, 2020) (same).

4

In short, the Commissioner's decision is unsupported by substantial evidence. It is accordingly remanded for proceedings consistent with this opinion.[6]

IT IS on this 1st day of July, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[6] The Plaintiff asks that the case be reversed or remanded. See Plaintiff's Brief at 24. The Court opts to remand because the Plaintiff has not established that the record is sufficiently developed for the Court to award benefits. See, e.g., Shanta B. v. Comm'r of Soc. Sec., 2024 WL 3534338, at *6 (D.N.J. July 25, 2024). His brief argues for reversal only fleetingly. See Plaintiff's Brief at 13, 24. Moreover, he suggests that the record could benefit from further administrative development. See id. at 19-20.